UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN WHITAKER,<br><br>   Plaintiff,<br><br>  v.<br><br>SHERWOOD MANAGEMENT CO., INC.,<br><br>   Defendant. | Case No. 21-cv-04301-EJD<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 20 |

Plaintiff Brian Whitaker brings this action against Defendant Sherwood Management Co., Inc. for violations of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., and the Unruh Civil Rights Act ("Unruh Act"), Cal. Civ. Code §§ 51-53. *See* Compl., Dkt. No. 1. Defendant moves to dismiss the ADA claim (Cause of Action 1) as moot and for failure to state a claim. Dkt. No. 20 at 6; *see Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 905 (9th Cir. 2011) ("Because a private plaintiff can sue only for injunctive relief . . ., a defendant's voluntary removal of alleged barriers prior to trial can have the effect of mooting a plaintiff's ADA claim."). The motion was heard on June 30, 2022.

Based on representations made in the hearing and in Certified Access Specialist Roberto Cortez's Accessibility Survey Report, the Court finds that Daniel's Jewelers ("Store") was and is in compliance with the 2010 Americans with Disabilities Act ("ADA") Standards for Accessible Design. *See* Declaration by Roberto Cortez in Support of Motion to Dismiss Plaintiff's Complaint, Dkt. 20-4). During the hearing, Plaintiff's counsel argued that the Store had a policy violation. However, Plaintiff's Complaint does not allege any policy violation. Therefore, the Court rejects Plaintiff's policy argument. Accordingly, the Court finds that Plaintiff's ADA claim is moot and **GRANTS** Defendant's Motion to Dismiss the ADA claim with prejudice.

Case No.: 21-cv-4301-EJD
ORDER GRANTING MOTION TO DIMISS

1   Plaintiff's Unruh Act claim is **DISMISSED** without prejudice because the Court declines to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c)(3).  "District courts 'may'—and often do—'decline to exercise supplemental jurisdiction' if, as here, they have 'dismissed all claims over which it has original jurisdiction.'"  *Johnson v. Montpelier One LLC*, No. 19-CV-06214-EJD, 2020 WL 3504458, at *3 (N.D. Cal. June 28, 2020) (citing 28 U.S.C. § 1367(c)(3)).  The Court also declines to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c)(4). *See Arroyo v. Rosas*, 19 F.4th 1202, 1211–14 (9th Cir. 2021).  This case is in its early stages, so concerns of judicial economy, convenience, fairness to litigants, and comity do not favor retaining jurisdiction.  *See id*. at 1214.

IT IS SO ORDERED.

Dated: June 30, 2022

EDWARD J. DAVILA
United States District Judge

Case No.: 21-cv-4301-EJD
ORDER GRANTING MOTION TO DIMISS
2